IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SERVIS ONE INC. D/B/A BSI FINANCIAL SERVICES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civ. Action No. 3:25-CV-2638-K-BT |
| v. | § | |
| | § | |
| VERNA CROWDER et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant United States of America's Motion to Dismiss (the "Motion") (Doc. No. 11). By its Motion, the United States argues that this Court lacks subject matter jurisdiction over this action. Plaintiff did not respond to the United States' Motion, and at a status conference with the Magistrate Judge, *see* Doc. No. 10, Plaintiff represented that it did not oppose the Motion or *sua sponte* dismissal of this action for lack of subject matter jurisdiction.

For the reasons explained below, the Court determines that it lacks subject matter jurisdiction over this action. The Court, therefore, **GRANTS** the United States' Motion to Dismiss and **DISMISSES** this action **WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

## I. Legal Standard

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *La. Real Est. Appraisers Bd. V. Fed. Trade Comm'n*, 917 F.3d 389, 391 (5th Cir. 2019) (quoting *Texas v. Travis Cnty.*, 910 F.3d 809, 811 (5th Cir. 2018)). Courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Whether an action "arises under" federal law and creates federal question jurisdiction over a case removed from state to federal court, or one originally filed in such court, ordinarily "must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted).

Under Rule 12(b)(1), a party may challenge the subject-matter jurisdiction of the district court to hear a case. FED. R. CIV. P. 12(b)(1). The district court may dismiss for lack of subject-matter jurisdiction based on the complaint alone. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The Court must accept all nonfrivolous allegations in

the complaint as true, *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citing *McClain v. Pan. Canal Comm'n*, 834 F.2d 452, 454 (5th Cir. 1987)), and if the Court determines that it lacks subject-matter jurisdiction, it must dismiss the action. FED. R. CIV. P. 12(h)(3).

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case, *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999), and it may raise the issue *sua sponte*. *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005).

## II. Analysis

Plaintiff's Complaint alleges that "[t]his Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 2410 because this lawsuit involves a claim for foreclosure of a property that is encumbered by a lien held by the United States." *See* Doc. No. 1 at ¶ 4. Section 2410 provides that:

> the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter . . . to foreclose a mortgage or other lien upon . . . real or personal property on which the United States has or claims a mortgage or other lien.

28 U.S.C. § 2410(a)(2). But the Fifth Circuit has unequivocally held that "Section 2410(a) only waives sovereign immunity and does not create a basis for federal subject matter jurisdiction." *Hussain*, 311 F.3d at 635. "As a trade off for the waiver of sovereign immunity, [28 U.S.C. § 1444] permits the government to remove to federal district court any such case initiated in state court." *Id.* at 629. Accordingly, "once [28

U.S.C. § 2410(a)] is deemed applicable in a state court action . . . it makes available to the government § 1444, which [the court has] held creates a substantive right of removal to federal court, regardless of other jurisdictional limitations." *Id.* at 635.

Plaintiff's Complaint conflates federal subject matter jurisdiction with the waiver of sovereign immunity and the United States' related ability to remove Section 2410 cases to federal court. *See Lakeview Loan Servicing LLC v. Lee*, No. 3:25-CV-00525-S-BT, 2025 WL 3221472, at *3 (N.D. Tex. Oct. 22, 2025) (Rutherford, J.), *rec. adopted*, 2025 WL 3218913 (N.D. Tex. Nov. 17, 2025) (Scholer, J.). Section 2410 does not create a basis for federal subject matter jurisdiction in this case, and nothing in Plaintiff's Complaint indicates an independent basis for subject matter jurisdiction.

Plaintiff's Suggestion of Bankruptcy, *see* Doc. No. 6, represents that Defendant Verna Crowder filed a voluntary Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Texas. Although the automatic stay under 11 U.S.C. § 362 remains in effect, the stay does not prevent disposition of the claims against the United States. *See, e.g.*, *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983) (holding that "the protections of [11 U.S.C.] § 362 neither apply to co-defendants nor preclude severance."); *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985) ("[W]hile the stay protects the debtor who has filed a bankruptcy petition, litigation can proceed against other co-defendants."). Furthermore, the bankruptcy stay does not preclude a dismissal without prejudice for lack of subject matter jurisdiction because that ruling is not a determination based on

the merits of the case. *See, e.g*, *Wachter v. Lezdey*, 34 Fed. App'x 699, 701 (Fed. Cir. 2002) (citing *Independent Union of Flight Attendants v. Pan Am. World Airways*, 966 F.2d 457 (9th Cir. 1992)) (recognizing that a bankruptcy stay is not violated "so long as the determination regarding dismissal does not involve the merits of the case"); *see also Stephens v. Seidman*, No. 5:11-CV-16-OC-10KRS, 2011 WL 3156265, at *2 n. 5 (M.D. Fla. July 26, 2011) (observing that, if a federal district court lacks jurisdiction over a case, it also lacks jurisdiction to stay the case). *See Stephens*, 2011 WL 3156265, at *2 n. 5.

Accordingly, it is therefore **ORDERED**, **ADJUDGED**, and **DECREED** that the United States' Motion to Dismiss is **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**SO ORDERED.**

Signed August 25th, 2026.

Ed Kinkeade
ED KINKEADE
UNITED STATES DISTRICT JUDGE